IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY                                                        PLAINTIFF

V.                                    NO. 2:13CV00077 JM

BELINDA PATTON AND
RAYMOND GIBSON                                                          DEFENDANTS

## ORDER

Pending are the parties' cross motions for summary judgment.  For the reasons set forth herein, Plaintiff's motion for summary judgment, docket # 14, is GRANTED.  Defendants' motion for summary judgment, docket # 18, is DENIED.

Facts

Plaintiff, Southern Farm Bureau Casualty Insurance Company, ("Farm Bureau") filed its Complaint for Declaratory Judgment in this Court on June 13, 2013.  Farm Bureau seeks a judgment as a matter of law finding that it owes no coverage under policy #MV00693913 and that the policy does not apply to any damages arising out of an automobile accident which occurred on October 20, 2011 because the driver of the insured vehicle was neither a named insured or a permissive user of the vehicle at the time in question.  Defendants filed counterclaims against Farm Bureau seeking a finding by the Court that the subject Farm Bureau policy provided coverage to Raymond Gibson as a permissive user of the vehicle when the accident occurred.

Raymond Gibson and Belinda Patton were injured in a single vehicle accident on October 20, 2011, in Phillips County, Arkansas. At the time of the accident Mr. Gibson was operating and Belinda Patton was occupying, a 2001 Chevrolet Silverado owned by Tim Thomas and insured under Farm Bureau Motor Vehicle Policy #MV00693913. Mr. Gibson was not a named insured under the policy in question. However, Defendants argue that he was insured as a permissive user.

Raymond Gibson is a self-employed auto mechanic at Gibson's Garage in Phillips County, Arkansas. On October 20, 2011, Tim Thomas dropped his vehicle off at Gibson's Garage to have a window regulator repaired, he left the keys in the car. Gibson had worked on the Thomases' vehicles numerous times. Mr. Gibson testified that he drove the vehicle to pick up a part. Mr. Gibson claims that it was his common practice to drive his customer's vehicles. Mr. and Mrs Thomas testified that they did not give Mr. Gibson permission to drive the vehicle. Belinda Patton was at Gibson's shop when he drove the vehicle to pick up the part. Mr. Gibson took Patton with him so she would not be at the shop alone. While in route to pick up the part in the Thomases' vehicle, Gibson and Patton were involved in a singe vehicle accident.

The subject policy provided personal bodily injury limits of $50,000 per person and med-pay limits of $5,000 per person. As a result of the accident, Patton and Gibson incurred medical bills and expenses in excess of $5,000 each and Gibson lost part of his lower extremity. On or about April 4, 2013, Patton obtained a default judgment against Gibson in the amount of $100,000 in Phillips County case number CV-12-96 styled, Belinda Patton v. Raymond Gibson. Patton made a formal demand on Farm Bureau to

satisfy the default judgment. Farm Bureau failed to pay any portion of the default judgment claiming that there is no coverage for the subject accident.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact

>bears out the claim that no genuine dispute exists on any
>material fact, it is then the respondent's burden to set forth
>affirmative evidence, specific facts, showing that there is a
>genuine dispute on that issue. If the respondent fails to carry
>that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

The motor vehicle policy in question contains the following provisions:

>DEFINITIONS
>
>5. "Covered Person" means or refers to the persons and organizations specifically indicated as entitled to protection under the coverage being described.
>
>20. "You" and "your" means the policyholder first named in the current policy Declaration. Unless specifically stated otherwise in the policy, you and your includes the policyholder's spouse if a resident of the same household.
>
> AUTO LIABILITY
>BODILY INJURY
>
>We will pay damages for bodily injury … caused by an accident, and arising out of the ownership maintenance and use of your auto. For the purposes of this coverage, the words "covered person(s)" include any members of your household and any person legally responsible for the use of your auto with your permission.

The parties agree that the sole issue for the Court to determine is whether Gibson

was a permissive user of the vehicle at the time of the accident. Farm Bureau argues that there is no coverage for the automobile accident because Gibson was neither a named insured or a permissive user of the insured vehicle when the accident occurred. Mr. and Mrs. Thomas testified that they did not give Mr. Gibson permission to drive the vehicle. Defendants argue that Gibson was a permissive user of the vehicle at the time of the accident because Thomas left the vehicle at Gibson's shop with the keys in the car and Gibson and Thomas had a custom and history of Thomas leaving his vehicles for Gibson to repair and Gibson would drive the vehicles he was working on for reasons related to repairs of the vehicles.

"[I]n order to create coverage under a liability policy, the necessary permission from an insured to another person to drive a vehicle may be express or implied." *Travis v. Southern Farm Bureau Cas. Ins. Co.,* 2010 Ark. App, 848, 4, 378 S.W.3d 786, 788 (2010), *citing Ison v. Southern Farm Bureau Cas. Co.*, 93 Ark. App 502, 221 S.W.3d 373 (2006). When considering whether implied permission exists, "courts must consider the relationship between the owner and the borrower." *Id.*, citations omitted.

> An implied permission ... is not confined to affirmative action, but means an inferential permission, in which a presumption is raised from a course of conduct or relationship between the parties in which there is a mutual acquiescence or lack of objection signifying consent.
>
> But implied permission is not limited to such situations, and will be evaluated in light of all facts and circumstances surrounding the parties. Implied permission may be proved by circumstantial evidence. Circumstances such as usage, practice, or friendship may be used to show implied permission. It may be found that the insured has given implied permission where the named insured has knowledge of a violation of

instructions and fails to make significant protest.

*Id.*, citing *Collins v. Morgan*, 92 Ark.App. 95, 103, 211 S.W.3d 14, 20–21(2005).

Gibson did not have express permission to drive the Thomases' vehicle. Although Gibson testified that it is his common practice to drive his customer's vehicles to pick up parts or to confirm its working condition, there is no evidence that the Thomases were aware of this practice. Further, the evidence demonstrates that the Thomases brought the vehicle to Gibson approximately one month prior to the date on which the accident occurred to diagnose the problem with the window and so he could order the necessary part. (ECF 18-1, p. 10-11). At that time, Gibson determined that the window regulator was faulty and presumably ordered the necessary replacement part. The Thomases brought the vehicle back for the repairs about one month later. *Id.* Gibson admitted that there was no need to drive the vehicle to determine the cause of the window problem. (Id. at p. 19-20). Because Gibson had already determined the cause of the window problem and ordered the replacement part, there was no reason for the Thomases to anticipate that Gibson would use the vehicle to pick up a part. The mere fact that Gibson had access to the vehicle's keys is insufficient to create a question of fact. See, *Ison, supra*. Further, because initial permission was never given, the "Hell or High Water" rule does not come into play. *Id.* Considering all the facts and circumstances, the Court finds that there is no evidence that the Thomases gave actual or implied permission for Gibson to drive the vehicle. Accordingly, there is no coverage under the subject policy for the automobile accident because Gibson was neither a named insured or a permissive user of

the insured vehicle when the accident occurred

For these reasons, Plaintiff's motion for summary judgment, docket # 14 is GRANTED and Defendants' motion for summary judgment, docket # 18 is DENIED.

IT IS SO ORDERED this 26th day of January, 2015.

_____
James M. Moody Jr.
United States District Judge